UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61881-DIMITROULEAS/AUGUSTIN-BIRCH

**WINIFRED BARRY,**

    Plaintiff,

v.

**SAM'S EAST, INC. d/b/a SAM'S CLUB,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE EXPERT
TESTIMONY OF DR. RAFAEL J. FERNANDEZ, JR AND ELLIOT LANG [DE 21]**

This cause comes before the Court on Plaintiff Winifred Barry's Motion to Strike or Exclude Expert Testimony. DE 21. The Honorable William P. Dimitrouleas, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 24. Defendant Sam's East, Inc. has filed a response to the Motion, DE 28, and Plaintiff has filed a reply. DE 31. The Court has carefully considered the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED.**

**I. Background**

This is a slip and fall case where Plaintiff alleges that she sustained serious personal injuries after she slipped and fell within a store owned and operated by Defendant. DE 1-2 ¶ 5. Because Judge Dimitrouleas' trial order does not set a date for when the parties must disclose expert testimony, Federal Rule of Civil Procedure 26(a)(2)(D)(i) required the parties to make expert witness disclosures 90 days before trial. This case is currently scheduled for trial starting on March 4, 2024; therefore, expert disclosures were due on December 5, 2023.

On December 6, 2023, at 12:00:34 A.M., Defendant provided its expert witness disclosure to Plaintiff, indicating that Dr. Rafael Fernandez Jr. was its expert witness and that Dr. Fernandez's expert report would be provided within 30 days. DE 21-2; DE 21-1 at 1. Defendant later amended its expert witness disclosure on December 19, 2023, to add another expert witness: Dr. Elliot N. Lang. DE 21-4. In this amended disclosure, Defendant stated it would provide Dr. Lang's expert report within 30 days. *Id.* at 2. On January 8, 2024, Defendant served Plaintiff with Dr. Fernandez's expert report and a copy of his CV, DE 21 ¶ 10; DE 21-5; DE 21-6, and, on January 18, 2024, Defendant further supplemented its expert disclosure for Dr. Fernandez. DE 28-1; DE 31 ¶ 12.

Prior to receiving a fully compliant expert disclosure for Dr. Fernandez, Plaintiff filed the present Motion to Strike or Exclude Expert Testimony on January 10, 2024, seeking for the Court to strike or exclude both Dr. Fernandez and Dr. Lang due to Defendant's failure to comply with Rule 26(a)(2)(B)'s requirements. DE 21. Defendant, in its response to Plaintiff's Motion, withdrew Dr. Lang as a named expert. DE 28 at 1 n.1. Thus, the Court will only consider whether Dr. Fernandez's testimony should be struck or excluded.

**II. Analysis**

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Since Defendant's complete expert disclosure was late, it bears the burden to "demonstrate that its actions were substantially justified or harmless." *Riley v. Tesla, Inc.*, 603 F. Supp. 3d 1259, 1270 (S.D. Fla. 2022). Courts "have broad discretion in determining whether a party's failure to comply with Rule 26(a) was substantially justified or harmless." *Andrade v. Merson*, No. 21-CV-60563, 2021 WL 7451931, at *2 (S.D. Fla. Dec. 3, 2021). And, to guide a court in exercising this discretion, courts consider "the non-disclosing

party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

Having considered Defendant's response, DE 28, the Court is persuaded that Defendant's failure to strictly adhere to Rule 26(a)(2) was harmless. First, considering Defendant's explanation for its late disclosure, it certainly appears that Defendant could have done a better job ensuring Plaintiff was timely provided with all of the information required by Rule 26(a)(2)(B). However, the importance of Dr. Fernandez's testimony and the lack of prejudice to Plaintiff strongly weigh against striking or excluding Dr. Fernandez as an expert witness. As Defendant contends, Dr. Fernandez's testimony is crucial to rebutting Plaintiff's injury causation and damage allegations. DE 28 at 5. And since Dr. Fernandez is now Defendant's only expert witness, the Court finds that his testimony is important for Defendant to be able to defend itself against Plaintiff's allegations.

Moreover, Defendant's argument about the lack of prejudice to Plaintiff is well taken. DE 28 at 5. After acknowledging receipt of a fully compliant expert disclosure for Dr. Fernandez, Plaintiff's only claim of prejudice is that Defendant's late disclosure leaves it "without opportunity to conduct any expert witness discovery." DE 31 ¶ 14. However, even if Defendant's complete expert disclosure was timely, Plaintiff still would not have been able to conduct expert witness discovery, seeing as the expert disclosure deadline fell after the discovery cut-off date. *Compare* Fed. R. Civ. P. 26(a)(2)(D)(i) (requiring expert disclosures 90 days before trial if a deadline is not provided in trial order, which, in this case, was December 5, 2023), *with* DE 4 at 2 (trial order setting a November 2, 2023 cut-off date for discovery). Additionally, when Plaintiff was provided with a fully compliant expert disclosure for Dr. Fernandez on January 18, 2024, the March 4, 2024 trial date was still 46 days away, leaving Plaintiff with plenty of time to prepare for Dr. Fernandez's

3

testimony. Accordingly, the Court finds that Defendant has met its burden to demonstrate that its actions were harmless.

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS DENYING** Plaintiff's Motion to Strike or Exclude Expert Testimony of Dr. Rafael J. Fernandez, Jr. [DE 21]. To the extent the Motion seeks to strike or exclude the expert testimony of Dr. Lang, it should be **DENIED AS MOOT** in light of Defendant withdrawing Dr. Lang as a named expert. DE 28 at 1 n.1.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 26th day of January, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE